UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILFREDO HERNANDEZ,

                     Plaintiff,                     15CV5286(WHP)

      - against -                     FIRST AMENDED COMPLAINT
                                          AND DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, JESSICA RODRIGUEZ,
GERALD HEANUE, DANIEL COLLINS, and "JOHN     ECF CASE
DOE" #1 - 6, All in Their Individual Capacities and in
Their Official Capacities,

                    Defendants
----------------------------------------------------------------x

       Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

       1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Wilfredo Hernandez by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

       2. Plaintiff Wilfredo Hernandez is a resident of the United States who, on May 15, 2014, was induced by an individual he now believes was a New York City police officer to purchase certain disc jockey equipment which, unbeknownst to the plaintiff, may have been stolen, and, upon purchasing the equipment, was arrested by New York City police officers Jessica Rodriguez, Gerald Heanue, Daniel Collins and other New York City police officers on false criminal charges of Criminal Possession of Stolen Property in the Third Degree and Criminal Possession of Stolen Property in the Fifth Degree, although, the defendants were aware that the plaintiff did not know that

know that the equipment was or might be stolen, handcuffed, transported to the 46th Precinct, where he was imprisoned until he was transferred to Bronx Central Booking, where he continued to be imprisoned until May 16, 2014, when he was released without being charged with any crime.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Wilfredo Hernandez' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Jessica Rodriguez, Gerald Heanue and Daniel Collins can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Wilfredo Hernandez is a resident of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Jessica Rodriguez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Jessica Rodriguez was acting within the scope of her employment by defendant The City of New York.

11. Defendant Gerald Heanue is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Gerald Heanue was acting within the scope of his employment by defendant The City of New York.

13. Defendant Daniel Collins is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Daniel Collins was acting within the scope of his employment by defendant The City of New York.

15. Defendants "John Doe" #1 - 6 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

16. At all times relevant herein, defendants "John Doe #1 - 6 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

17. On September 17, 2014, plaintiff Wilfredo Hernandez served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. Plaintiff Wilfredo Hernandez' motion to extend his time to serve a Notice of Claim with respect to his claims for assault and battery and false imprisonment was granted by an order of New York Supreme Court Justice Mitchell J. Danziger dated November 13, 2014, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

19. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this complaint as though the same were set forth fully herein.

21. At all times herein mentioned, plaintiff Wilfredo Hernandez engaged in the occupation of disc jockey.

22. On or about May 14, 2014, an individual the plaintiff now believes was a police officer inquired of the plaintiff about renting disc jockey equipment, and more specifically, a brand of equipment which the plaintiff did not own.

23. At the time of this inquiry, the plaintiff knew that Draulyn Marcelino owned the brand of disc jockey equipment sought by the individual requesting such equipment.

24. The aforesaid individual the plaintiff believes was a police officer induced plaintiff Wilfredo Hernandez to acquire the disc jockey equipment for resale to that individual.

25. On May 15, 2014, another individual whom the plaintiff believes also was a police officer met with the plaintiff in front of Draulyn Marcelino's shop.

26. Plaintiff Wilfredo Hernandez thereupon purchased the disc jockey equipment from Draulyn Marcelino.

27. Following the purchase of the disc jockey equipment, defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 arrested the plaintiff on false criminal charges of Criminal Possession of Stolen Property in the Third Degree and Criminal Possession of Stolen Property in the Fifth Degree.

28. Upon information and belief, the equipment which plaintiff Wilfredo Hernandez purchased from Draulyn Marcelino at the behest of police officers was not stolen.

29. Plaintiff Wilfredo Hernandez did not know that the equipment which he purchased from Draulyn Marcelino at the behest of police officers was stolen.

30. Upon information and belief, defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe' #1 - 6 knew that plaintiff Wilfredo Hernandez did not know that the equipment which he purchased from Draulyn Marcelino at the behest of police officers was stolen.

31. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 did not have a warrant or other legal process authorizing the arrest of plaintiff Wilfredo Hernandez.

32. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 did not have probable cause to believe that plaintiff Wilfredo Hernandez knew that the equipment they induced him to purchase was stolen.

33. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 did not have probable cause to believe that plaintiff Wilfredo Hernandez had committed a crime.

34. One of the individual defendants handcuffed plaintiff Wilfredo Hernandez' wrists.

35. The defendants transported plaintiff Wilfredo Hernandez to the 46th Precinct, where he was imprisoned.

36. On May 16, 2014, plaintiff Wilfred Hernandez was transported to Bronx Central Booking, where he continued to be imprisoned.

37. On May 16, 2014, plaintiff Wilfredo Hernandez was released from Bronx Central Booking without being charged with any crime.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though the same were set forth fully herein.

39. The seizure, arrest, and imprisonment of plaintiff Wilfredo Hernandez on May 15, 2014 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

40. The charges upon which defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 arrested plaintiff Wilfredo Hernandez were false.

41. The charges were made by defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 against plaintiff Wilfredo Hernandez with knowledge that they were false.

42. Defendants Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 acted in concert in the unconstitutional arrest of plaintiff Wilfredo Hernandez and/or could have intervened to stop the arrest.

43. Plaintiff Wilfredo Hernandez was aware of his seizure, arrest, and imprisonment by defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6.

44. Plaintiff Wilfredo Hernandez did not consent to his seizure, arrest or imprisonment.

45. As a result of the foregoing, plaintiff Wilfredo Hernandez was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

46. The seizure, arrest and imprisonment of plaintiff Wilfredo Hernandez by defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 on May 15, 2014 deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

47. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 were acting under color of state law when they seized, arrested and imprisoned plaintiff Wilfredo Hernandez on May 15, 2014.

48. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 deprived plaintiff Wilfredo Hernandez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Wilfredo Hernandez on false criminal charges.

## COUNT TWO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though the same were set forth fully herein.

50. The seizure, arrest and imprisonment of plaintiff Wilfredo Hernandez were carried out by defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and John Doe" #1 - 6 in their

capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

51. The seizure, arrest and imprisonment of plaintiff Wilfredo Hernandez were carried out by defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons without a warrant where probable cause to arrest does not exist in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

53. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

    (e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

54. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

55. The seizure, arrest and imprisonment of plaintiff Wilfredo Hernandez on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

56. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

57. Defendant The City of New York deprived plaintiff Wilfredo Hernandez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

58. The aforesaid conduct of defendant The City of New York violated plaintiff Wilfredo Hernandez' rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as though the same were set forth fully herein.

60. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins and "John Doe" #1 - 6 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

61. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

62. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

63. Nevertheless, defendant The City of New York exercised deliberate indifference to the rights of persons with whom its police officers come into contact by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

64. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Wilfredo Hernandez would be violated.

65. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Wilfredo Hernandez.

66. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

67. Defendant The City of New York deprived plaintiff Wilfredo Hernandez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the seizure, arrest and imprisonment of plaintiff Wilfredo Hernandez on false criminal charges on May 15, 2014.

## COUNT FOUR
## COMMON LAW ASSAULT AND BATTERY

68. Plaintiff incorporates by reference paragraphs 1 through 67 of this Complaint as though the same were set forth fully herein.

69. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins, John Doe" #1 - 6 and The City of New York committed an assault and battery on the person of plaintiff Wilfredo Hernandez on May 15. 2014, by handcuffing the plaintiff.

70. As a result of the foregoing, plaintiff Wilfredo Hernandez experienced pain, physical discomfort, physical and emotional distress, hardship and anxiety.

## COUNT FIVE
## COMMON LAW FALSE IMPRISONMENT

71. Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as though the same were set forth fully herein.

72. Defendants Jessica Rodriguez, Gerald Heanue, Daniel Collins, "John Doe" #1 - 6 and The City of New York falsely imprisoned plaintiff Wilfredo Hernandez on May 15, 2014, by seizing, arresting and imprisoning him on false criminal charges.

73. As a result of the foregoing, plaintiff Wilfredo Rodriguez was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Wilfredo Hernandez compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Wilfredo Hernandez punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       March 30, 2016

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven D. Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880
malaw485@yahoo.com